## Mollfulleda v. El Hospital de Caridad de la Concepción.

Apelación procedente de la Corte de Distrito de San Juan.

No. 135.—Resuelto en Noviembre 12, 1904.

Apelación—Sentencia.—Si el Tribunal de Apelación modificase un fallo apelado en el sentido de confirmarlo, en lo conforme, y en lo que no, revocarlo, se entenderán revocados todos los pronunciamientos contenidos en la resolución apelada que fueren incompatibles con la sentencia del Tribunal de apelación.

En el recurso de apelación que ante Nos pende, interpuesto por Don Juan Mollfulleda y Chas contra resolución del Tribunal del Distrito de San Juan en diligencias de ejecución de sentencia recaída en el juicio seguido por Mollfulleda contra el Hospital de Caridad de la Concepción en esta Ciudad, sobre nulidad de un contrato, habiendo representado y defendido al apelante ante esta Corte Suprema sucesivamente los Letrados Don Rafael Lopez Landrón y Don Manuel F. Rossy, y á la parte apelada el Letrado Don Herminio Diaz Navarro.

*Resultando:* que en treinta de julio de mil ochocientos noventa y dos presentó demanda ante el suprimido Juzgado de la. instancia del Distrito de San Francisco de esta Capital Don Juan Mollfulleda y Chas contra la Administración del Hospital de Caridad de la Concepción, con súplica de que por sentencia definitiva se resolviera: 1o. La nulidad del contrato de cesión de réditos de varios censos pertenecientes á dicho Hospital, contrato celebrado entre éste y Mollfulleda por escritura pública de diez y seis de junio de mil ochocientos ochenta y tres. 2o. Que subsidiariamente, y en el caso de no estimarse la acción de nulidad con sus efectos legales, fuera condenado el Hospital de la Concepción á responder á Mollfulleda, con entrega de documentos y títulos necesarios, de la certeza y legitimidad de los créditos cedidos, ó pagar su importe, á devolver el de los créditos que cobró el Hospital anticipadamente, y á reintegrar los gastos judiciales que hizo

Mollfulleda para cobrar otros, cuyos créditos todos estaban reseñados en los hechos de la demanda: y 3o. que en cualquiera de los dos casos expuestos fuera también condenada la Administración del Hospital á los daños y perjuicios causados á Mollfulleda, los cuáles se regularían oportunamente.

*Resultando:* que seguido el juicio por todos sus trámites, el referido Juzgado del Distrito de San Francisco dictó sentencia, en veinte y seis de Junio de mil ochocientos noventa y cuatro, por la que declarando sin lugar la nulidad de contrato pretendida en la demanda, condenó á la Administración del Hospital de la Concepción á que dentro de quinto día entregara á Don Juan Mollfulleda los títulos y documentos necesarios para asegurarle la certeza y legitimidad de los créditos cedidos, números 11, 12, 13, 14, 24 y 25, ó pagarle su importe, según el valor de la relación de censos de la escritura otorgada, y á entregarle, también, dentro de quinto día, recibos equivalentes de réditos ciertos por los marcados con los números 7, 10 y 15, que fueron declarados sin lugar para su cobro judicialmente, como también por los señalados con los números 6 y 22, que fueron cobrados por el Hospital, con imposición de las costas á la Administración de dicho establecimiento benéfico, sin que hubiera lugar al reintegro de gastos judiciales y de daños y perjuicios.

*Resultando:* que contra esa sentencia interpuso la representación del Hospital de la Concepción recurso de apelación, que le fué admitido, para ante la suprimida Audiencia Territorial, la que por sentencia de 30 de Mayo de 1896, declaró no haber lugar á la nulidad del contrato de cesión celebrado entre el Hospital de Caridad y Don Juan Mollfulleda por escritura pública de diez y seis de Junio de mil ochocientos ochenta y tres, ni á la entrega de los títulos y documentos, á que se contrae el segundo particular de la súplica de la demanda, ni tampoco á la devolución de los créditos referentes á los censos números 2 y 22, que se dicen cobrados anticipadamente por el Hospital, ni al reintegro de gastos judiciales y daños y perjuicios, absolviendo, en tal concepto, de la de-

manda al Hospital de Caridad de la Concepción, con la cláusula final de que en lo que estuviera conforme se confirmaba, y en lo que no, se revocaba, la sentencia apelada.

*Resultando:* que la expresada sentencia de la Audiencia Territorial consigna, como fundamentos legales de su parte dispositiva, los siguientes:

"1º.  *Considerando*: que los contratos tienen fuerzas legales entre las partes que los otorgan y sus herederos, salvo en cuanto á éstos, el caso en que los derechos y obligaciones no sean trasmisibles ó por su naturaleza, ó por pacto, ó por disposición de la ley, pudiendo los contratantes establecer los pactos, cláusulas y condiciones que tengan por convenientes, siempre que·no sean contrarios á las leyes, á la moral ni al orden público, artículos 1255 y 1257 del Código Civil.

"2º.  *Considerando:* que el contexto de la escritura otorgada en diez y seis de Junio de 1883, entre el Hospital de Caridad y Don Juan Mollfulleda, demuestra claramente el carácter aleatorio que tiene aquél contrato, puesto que el Hospital cedió al expresado señor los réditos atrasados de censos que le correspondían, en cantidad de seis mil quinientos treinta y un pesos veinte centavos, adeudados hasta el mes de Diciembre de 1882, especificándose los censos á que correspondían los réditos cedidos, sin que el Hospital se comprometiera más que á facilitarle las noticias que la administración pudiera darle para su inteligencia, siendo la cesión de cuenta, riezgo y ventura de Mollfulleda, que se comprometió á no pedir en ningún tiempo, ni al Hospital, ni á su representación, indemnización alguna por ningún concepto, renunciando cualquier ley que pudiera favorecerle, no constando tampoco que el Hospital se obligara á entregarle escritura de los censos, quedando de cuenta del cesionario cuantos gastos ocurrieran en el cobro de aquéllos, y siendo éstos los motivos de hacerse la cesión por una cantidad alzada y en conjunto de todos aquellos réditos, cuál fué el cincuenta por ciento del importe de los mismos, que ascendió á tres mil doscientos sesenta y cinco pesos noventa y cinco centavos, que Don Juan Mollfulleda entregó á su debido tiempo.

3º.  *Considerando*: que el expresado contrato no contiene pacto, cláusula ni condición alguna contraria á la ley ni á la moral, y por tanto es obligatorio para ambos contratantes por tener fuerza de ley entre ellos; sin que pueda invocarse, en tal concepto, por el demandante, la nulidad del mismo, porque las gestiones que haya practicado para el cobro de los réditos cedidos no hayan dado el resultado ape-

técido, toda vez que al convenir en la cesión pudo haber tenido en cuenta los inconvenientes que había de ofrecer el cobro, tanto por el atraso de los créditos, como por el personal deudor, y la deficiencia de titulación que indudablemente fué una de las causas más poderosas que desde luego se comprende tuvo en cuenta el Hospital para hacer la cesión en la forma que lo hizo, no siendo, por esta razón, el contrato más que una convención recíproca cuyos efectos, en cuanto á sus pérdidas y ganancias respecto á Don Juan Mollfulleda, dependían de un exito dudoso.

4º. *Considerando*: que no existiendo en la escritura de referencia otra excepción que la de que si aparecían cobrados algunos de los réditos cedidos se entregarían á Don Juan Mollfulleda recibos de réditos de otros capitales por igual valor que los que resultaren cobrados, es procedente toda reclamación que haga el expresado Sr. Mollfulleda, siempre que en la forma debida acredite dichos extremos; y como en estos autos sólo se dicen aparecer cobrados por el Hospital los réditos de los censos números 6 y 22, sin que respecto al primero se procure el oportuno recibo, ni se justifique cumplidamente en otra forma dicho cobro anticipado, y en cuanto al segundo se ha reconocido la eficacia del recibo obrante al fólio 336, creditivo de haber percibido Don Juan Mollfulleda del José Lorenzo, como administrador que fué del Hospital, la suma de noventa y siete pesos que había recibido de menos en el ejecutivo á que aquél se refiere, no hay términos hábiles para obligar al Hospital á entregar al actor recibos de réditos de otros capitales en sustitución de los dos de que se hace mérito.''

*Resultando:* que, por auto de primero de Abril de mil ochocientos noventa y siete, el Tribunal Supremo de Madrid declaró no haber lugar, con las costas, á la admisión del recurso de casación por infracción de ley, preparado por Don Juan Mollfulleda, contra la sentencia que dictó la Audiencia de esta Isla.

*Resultando*: que después de varias actuaciones relativas al cobro de honorarios que el Letrado Don Manuel F. Rossy reclamaba á Mollfulleda por haberle defendido en el pleito, el Abogado Don Rafael Lopez Landrón, en representación de Mollfulleda, presentó escrito al Tribunal de Distrito de San Juan, con fecha quince de Junio del año próximo pasado, en

cuyo escrito manifiesta que la extinguida Audiencia revocó, en parte, el fallo que dictó el Juzgado de 1ª. Instancia y confirmó la otra parte, ó sea, mandó pagar los créditos cedidos y marcados con los números 11, 12, 13, 14, 24 y 25, según la relación de censos de la escritura de cesión y traspaso, otorgada en 16 de Junio de 1883, como también mandó pagar el señalado con el número 6, y ordenó, asimismo, la entrega de recibos ciertos, equivalentes á los réditos de censos que llevaban los números 7, 10 y 15, ascendentes á cuatro mil veinte y siete pesos especiales, con las costas á cargo de la •Administración del Hospital de Concepción, concluyendo con la súplica de que fuera requerido el Administrador de dicho Hospital para que entregara los expresados recibos de los números 7, 10 y 15, y pagar el importe de los números 6, 11, 12, 13, 14, 24 y 25, como también el montante de las costas, ascendente entonces á setecientos cincuenta pesos.

*Resultando:* que el mencionado Tribunal, por auto de veinte de Junio, citado, declaró no haber lugar á las pretensiones de Mollfulleda, quien solicitó reposición de dicho auto, que le fué denegada por otro de seis de Octubre del mismo año; y habiendo apelado, le fué admitido el recurso de apelación, elevándose los autos á este Tribunal, previa citación emplazamiento de las partes.

*Resultando:* que tramitado el recurso de apelación se señaló día para la vista, en la que alegaron los Letrados de las partes cuanto estimaron conducente á la defensa de sus respectivos derechos.

Abogados del apelante: *Sres. Lopez Landrón y Rossy (Manuel F.).*

Abogado del apelado: *Sr. Diaz Navarro.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando:* que al declarar la suprimida Audiencia Territorial, por su sentencia firme de treinta de Mayo de mil ochocientos noventa y seis, que no había lugar á la nulidad del

contrato de cesión celebrado entre el Hospital de la Concepción y Don Juan Mollfulleda, ni á la entrega de los títulos y documentos á que se contrae el segundo particular de la súplica de la demanda, ni tampoco á la devolución de los créditos referentes á los censos números 2 y 22 que se dicen cobrados anticipadamente por el Hospital, ni al reintegro de gastos judiciales y daños y perjuicios, absolviendo, en tal concepto, de la demanda, al mencionado Hospital, con la cláusula final de que en lo que estuviera conforme se confirmaba y en lo que no, se revocaba, la sentencia apelada, revocó la sentencia que dictó el Juzgado del Distrito de San Francisco, con fecha 26 de Junio de 1894, en todo lo que no estuviera conforme con la sentencia de dicha Audiencia, y por tanto, sólo quedó aquélla subsistente en cuanto desestimó la nulidad del contrato, solicitada en la demanda y el reintegro de gastos judiciales, daños y perjuicios, únicos extremos en que ambas sentencias están conformes , sin que pueda admitirse la interpretación que á la sentencia de segunda instancia dá la representación de Mollfulleda, ya porque tal interpretación se opone abiertamente á las consideraciones legales en que se basa la parte dispositiva de dicha sentencia, ya porque si no había lugar á la entrega de los títulos y documentos, á que se refiere el segundo particular de la súplica de la demanda, cuyos títulos y documentos tenían por objeto comprobar la certeza y legitimidad de los créditos cedidos á Mollfulleda, es obvio que tampoco procedía ordenar el pago de los créditos, cuyo pago era subsidiario para el caso de que la entrega de documentos y títulos no pudiera realizarse, siendo también claro que al hacer mención la suprimida Audiencia del censo número dos, en la parte dispositiva de su fallo, cometió un error material, pues indudablemente quiso referirse al censo número 6 y al 22 que eran los únicos que se decían cobrados anticipadamente por el Hospital, según así se consignó por el Juzgado de Primera Instancia en su sentencia, y también por la Audiencia en uno de los Considerandos de la suya; y como en la sentencia superior no se hizo pronunciamiento sobre las costas,

cuya omisión indica que debían entenderse en la forma ordinaria, ó sin especial condena, también es claro que no puede estimarse subsistente la imposición de costas al Hospital de la Concepción, hecha en el fallo de primera instancia, por no estar ese extremo conforme con el fallo de la segunda instancia.

*Considerando* : que en las resoluciones recurridas nada se provee en contradicción con lo ejecutoriado, y por tanto debe desestimarse el recurso interpuesto.

*Fallamos:* que debemos confirmar y confirmamos los autos que dictó la Corte de Distrito de San Juan en veinte de Junio y seis de Octubre del año próximo pasado, con las costas á cargo de D. Juan Mollfulleda, y comuníquese á la referida Corte, con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Figueras, MacLeary y Wolf.